# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JOSE LUIS MUNIZ,** an individual,

Case No.

Plaintiff,

HON.

v.

**JOSE NESTOR SANCHEZ,** an individual,

Defendant.

_____/

Robert Anthony Alvarez (P66954)
Victoria Smalley (P80179)
AVANTI LAW GROUP, PLLC
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1.  This is a civil action brought by Plaintiff, Jose Luis Muniz to recover for Defendant's

    willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

    201, et seq., the FLSA's retaliation provision, 29 U.S.C. §215(a)(3), and the Workforce

    Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq.,

2.  During the period of the parties' employment relationship, Defendant misclassified

    Plaintiff as an exempt employee and/or independent contractor and failed to pay overtime

at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Defendant actively misled Plaintiff about his right to receive payment at a rate of time-and-one-half the regular rate of pay for hours of overtime worked by classifying Plaintiff as an independent contractor and therefore not entitled to overtime under the FLSA.

4. Defendant knowingly failed to pay overtime to Plaintiff for hours worked in excess of forty (40) hours per workweek by assuring Plaintiff he was not entitled to overtime pay.

5. Plaintiff seeks a declaration that his rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make him whole for damages suffered.

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

7. Defendant's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

8. Defendant's employees engage in interstate commerce; therefore, he are also covered by the FLSA on an individual basis.

9. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

10.  Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

11.  Defendant is and was at all times relevant a resident of Allegan County, Michigan, and conducted business in Allegan County, Michigan, which is within the United States Judicial District of the Western District of Michigan.

12.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

13.  Plaintiff Jose Luis Muniz (hereinafter referred to as "Muniz") is an individual residing in the County of Muskegon, state of Michigan.

14.  Plaintiff has executed his consent to sue form, attached hereto as *Exhibit A*.

15.  Defendant Jose Nestor Sanchez, is a an individual who, at all times relevant, resided and did business in Allegan County Michigan (hereinafter referred to as "Sanchez").

16.  Defendant Sanchez was responsible for the day to day operation of the businesses and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiff.

17.  Defendant's business are an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

18.  Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

19. Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

20. Defendant underpaid Plaintiff for both overtime and straight time worked.

## GENERAL ALLEGATIONS

21. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

22. At all relevant times, Defendant was Plaintiff's employer and the Defendant was engaged in interstate commerce as defined in the FLSA.

23. At all relevant times, Plaintiff performed general labor for Defendant.

24. Plaintiff Muniz was hired by Defendant in January, 2016, and was employed by Defendant until July 30, 2016.

25. During his employment, Muniz worked as a painter and a drywaller.

26. During his employment, Muniz would paint, remove walls, repair walls, build new walls, and do the finishing of the walls.

27. Muniz worked six (6) days a week.

28. Muniz worked Monday-Friday, approximately 7am-7pm.

29. Muniz worked Saturdays starting at 7am and would commence working between 3pm and 5pm.

30. Muniz worked, on average, approximately fifty-six (56) hours in a single workweek.

31. Muniz was instructed by Sanchez to write the total hours he worked each day on a timecard which Sanchez provided.

32. In order to be compensated, Muniz would total his hours for the week and provide those hours to Sanchez.

33.   When Muniz agreed to work for Sanchez, Sanchez told him he would pay him $14 an hour.

34.   Muniz was paid $13 an hour when he first started working for Sanchez.

35.   Muniz pointed this out to Sanchez who increased the hourly pay to $14.

36.   Muniz was paid, in cash, every Friday.

37.   Muniz was paid on a straight time hourly basis regardless of the number of hours worked in a workweek.

38.   The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

39.   Defendant did not compensate Muniz his promised hourly wage for all work performed.

40.   Defendant did not compensate Jones at a rate of one and one-half times his regular hourly rate for time worked over forty (40) hours per week as required by the FLSA, WOWA, and MMWL.

## WILLFUL VIOLATION OF FLSA

41.   Defendant utilized his business to subvert his obligations under state and federal law.

42.   Defendant knew or should have known that simply classifying Plaintiff as an independant contractor was not sufficient under the law to exempt Plaintiff out of an overtime premium.

43.   Plaintiff was misled as to his right to receive an overtime premium for all hours worked in excess of forty hours per week due to the following:

      a.   Defendant classifying Plaintiff as an independant contractor;

b. Defendant failing to post a Department of Labor poster notifying Plaintiff of his right to overtime pay.

44. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

45. Defendant also attempted to exempt Plaintiff from the overtime compensation requirements of the FLSA by misclassifying him as independent contractor and giving the impression that Plaintiff was not an employee of Defendant.

46. Defendant required Plaintiff to keep a time card and submit his hours to Defendant in order to be compensated for his work.

47. Defendant determined the hourly rate of pay of the Plaintiff.

48. Defendant determined the work schedule of the Plaintiff.

49. Defendant determined the amount of hours to be worked by the Plaintiff.

50. Defendant provided the material and equipment necessary for performing the work.

51. Defendant directly supervised the Plaintiff.

52. Defendant controlled the manner in which the Plaintiff performed his work.

53. Plaintiff was not allowed to hire others to perform the work he was doing for the Defendant.

54. Plaintiff had no opportunity for profit or loss in his work with Defendant.

55. Plaintiff had no financial investment in his work with Defendant.

56. Plaintiff did not advertise his services.

57. Plaintiff at all times relevant to this matter worked exclusively for the Defendant.

## COUNT I
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

58. Plaintiff hereby incorporates and reallege all the paragraphs above.

59. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

60. Defendant was an "employer" as defined under the WOWA at all relevant times.

61. Plaintiff was an "employee" as defined under the WOWA at all relevant times.

62. Defendant regularly suffered or permitted Plaintiff to work more than forty (40) hours per workweek.

63. Defendant did not pay Plaintiff one-and-a-half times his regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

64. The WOWA , provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

65. Plaintiff is therefore entitled to his unpaid overtime wages as well as an equal amount as liquidated damages.

66. Plaintiff is also entitled to costs and a reasonable attorneys' fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq.,
## FAILURE TO PAY OVERTIME

67. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

68. At all times relevant to this action, Defendant was an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

69. Plaintiff was an "employee" of the Defendant as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

70. Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

71. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

72. Defendant is or was at all times relevant engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

73. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

74. Defendant's violations of the FLSA were knowing and willful.

75. As a result of Defendant's violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendant willfully violated the FLSA;

B. An Order declaring Defendant violated the WOWA;

C.    An Order granting judgment in favor of Plaintiff and against Defendant, and awarding

Plaintiff the full amount of damages and liquidated damages available to them under the FLSA;

D.    An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the

FLSA as provided by statute;

E.    An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the

Michigan WOWA as provided by statute;

F.    An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

G.    An Order awarding such other and further relief as this Court deems appropriate.


Dated: June 9, 2017                    Respectfully Submitted,

                                       /s/  Robert Anthony Alvarez
                                       Robert Anthony Alvarez (P66954)
                                       Attorney for Plaintiff
                                       Avanti Law Group. PLLC
                                       600 28th Street SW
                                       Wyoming, MI 49509
                                       (616) 257-6807
                                       ralvarez@avantilaw.com


**THIS SPACE IS INTENTIONALLY LEFT BLANK**

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 03/24/17

Jose Luis Muniz